**Hakim IVIE, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–9680.**

Court of Appeals of Alaska.

March 28, 2008.

---

David K. Allen, Assistant Public Advocate, Fairbanks, and Joshua P. Fink, Public Advocate, Anchorage, for the Appellant.

Timothy W. Terrell, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Talis J. Colberg, Attorney General, Juneau, for the Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

## OPINION

COATS, Chief Judge.

Hakim Ivie was indicted for escape in the second degree for walking away from a halfway house. To convict Ivie of that offense, the State had to prove that he removed himself from a correctional facility while he was under "official detention."

Ivie moved to dismiss the indictment, claiming that he was not under official detention at the halfway house because the superior court had ordered him released on bail. Therefore, he argued, he did not commit the crime of escape, but rather violated his conditions of release.

The superior court denied Ivie's motion to dismiss, and he was convicted in a bench trial. He appeals his conviction. We reverse.

### Factual background

In 2003, Ivie was convicted of assault in the second degree. He received a sentence of 4 years with 2 years suspended, and was placed on probation for a period of 3 years following his release from confinement.

Ivie served his initial term of imprisonment and was released on probation. On June 3, 2005, Ivie was arraigned before Superior Court Judge Niesje J. Steinkruger on a petition to revoke his probation. The petition to revoke probation was based on an allegation that Ivie had consumed alcohol and violated other conditions of his probation.

During the hearing on this petition to revoke, Ivie's attorney pointed out that Ivie was on a waiting list for substance abuse treatment at the Ralph Perdue Center, an alcohol treatment program. Judge Stein-

kruger asked if the Ralph Perdue Center would do an updated substance abuse evaluation while Ivie was confined. The parties agreed to that, but Ivie's attorney stated that his request was for Ivie to be released to the NorthStar Center, a halfway house. The following exchange occurred:

*Defense Attorney:* No, I don't have an objection [to an evaluation but], our request is going to be that he be released to NorthStar.

*Judge Steinkruger:* Any objection to that ... ?

*Probation Officer:* I don't. At this point, though, I haven't talked to them to see if they would even accept him.

*Judge Steinkruger:* All right. No bail status continues. If a bed opens up at North-Star and he is eligible, Mr. Ivie, upon notification by his probation officer to [the Fairbanks Correctional Center], may be transferred to NorthStar. He is to immediately obtain an updated evaluation from Ralph Perdue, and take the first available bed if inpatient is recommended, or begin outpatient if outpatient is recommended. If a bed opens up for inpatient, his conditions of release are that he is to take the bed, follow all rules, if he is discharged for any reason, he is returned to FCC.

So if a miracle would happen and a bed would open up, he can go directly into it.

Judge Steinkruger ended the hearing by setting a date for a status hearing and a bail hearing.

On June 8, 2005, Ivie was transferred from the Fairbanks Correctional Center to the NorthStar Center. On July 3, 2005, Ivie walked away from the NorthStar Center without permission from the NorthStar Center staff or the court. The grand jury indicted him on a charge of escape in the second degree, a class B felony offense.[1]

On October 4, 2005, Ivie filed a motion to dismiss the indictment, contending that he was not guilty of escape in the second degree. Superior Court Judge Mark I. Wood denied the motion to dismiss the indictment.

The case was then tried on stipulated facts. Judge Wood found Ivie guilty of escape in the second degree. Ivie appeals.

*Why we conclude that Ivie could not be convicted of escape in the second degree*

A person commits the crime of escape in the second degree if he removes himself from a correctional facility while under official detention.[2] Ivie contends that he could not be legally charged with escape in the second degree because he was not under "official detention" at the NorthStar Center. Official detention is defined by AS 11.81.900(b)(40): " 'Official detention' means custody, arrest, surrender in lieu of arrest, or actual or constructive restraint under an order of a court in a criminal or juvenile proceeding, other than an order of conditional bail release." Ivie argues that he was not under official detention at the NorthStar Center because he was confined on "an order of conditional bail release."

The State concedes that the superior court has authority to release a probationer from Department of Corrections custody to a halfway house through an order of conditional bail release. But the State disputes that this happened in Ivie's case. The State argues that Judge Steinkruger merely recommended to the Department of Corrections that Ivie be placed in the NorthStar Center.

We addressed a similar situation in *State v. Paige*.[3] In *Paige*, after Paige was incarcerated on a petition to revoke his probation, the superior court ordered him placed in a residential treatment program at a halfway house. Later, the superior court revoked Paige's probation and imposed an 18-month sentence. But the court ordered Paige to complete a residential program at a halfway house as a special condition of probation. The court ordered Paige to complete the program and then immediately begin serving his jail sentence.

Paige walked away from the program and was arrested and charged with escape. The superior court held that Paige was not guilty of escape because the court had ordered

---

**1.** AS 11.56.310(a)(1)(A).

**2.** AS 11.56.310(a)(1)(A).

**3.** Alaska App. Memorandum Opinion and Judgment No. 3476 (Oct. 9, 1996), 1996 WL 596920.

Paige into the program as a special condition of probation. The court concluded that Paige was not "in confinement under an order of the court" and was therefore not under "official detention."[4] The superior court relied on *Beckman v. State*.[5] We relied on *Beckman* in affirming the superior court's decision.

■ *Paige* and *Beckman* establish that a person is not guilty of escape just because he leaves confinement.[6] In order for Ivie to be guilty of escape, the court must have ordered the Department of Corrections to confine him, and he must have removed himself from that confinement. If Judge Steinkruger ordered Ivie's release to the NorthStar Center, her order would be an "order of conditional bail release." Ivie would not be "under official detention" and could not be charged with escape.

■ This case thus turns on interpreting Judge Steinkruger's order. To the extent that Judge Steinkruger's order is ambiguous, we believe that we should interpret the order in the light most favorable to Ivie. Ivie faces a felony conviction; it was the duty of the court to make Ivie's status clear.

When we look at Judge Steinkruger's remarks in context, it appears that she intended to release Ivie to the NorthStar Center. At the hearing on Ivie's petition to revoke, Ivie's attorney requested that Ivie "be released to [the] NorthStar [Center]." The probation officer indicated that she had no objection, but that she needed to find out if the halfway house would accept Ivie. Judge Steinkruger's ruling was in response to these comments. In context, it appears that the judge wanted Ivie to remain in state custody until there was an opening at the NorthStar Center. Ivie was then to go there, undergo an evaluation, and participate in any program recommended by the Ralph Perdue Center. Judge Steinkruger told Ivie that his "conditions of release" were to participate in the program and follow all the rules, or he would

be returned to state custody at the Fairbanks Correctional Center.

In interpreting Judge Steinkruger's remarks, we have considered the fact that an Alaska statute specifically provides that when a judge places a person in state custody, the Department of Corrections, not the judge, determines "the correctional facility to which a prisoner is to be committed to serve a term of imprisonment or period of temporary commitment."[7] Alaska cases hold that a judge can recommend a facility, but it is ultimately up to the Department of Corrections to determine where a person committed to state custody is incarcerated. Judge Steinkruger thus had no authority, if Ivie was in state custody, to designate the facility where he would stay. We are confident that Judge Steinkruger, an experienced judge, was aware of this.

The State points out that Judge Steinkruger stated that, if a possible placement opened up at the NorthStar facility that "upon notification by his probation officer to the FCC, [Ivie] *may* be transferred to NorthStar."[8] The State argues that this shows that Judge Steinkruger was merely making a recommendation to the Department of Corrections to transfer Ivie to the NorthStar facility. This is certainly a possible reading, but we do not consider it the most likely one. Again, Judge Steinkruger's ruling was in response to a request by Ivie's attorney that Ivie be released to the NorthStar Center. There was no objection from his probation officer. It appears that the only reason that Ivie was not sent directly to the NorthStar Center was that the probation officer was not sure if the facility would accept him and if there was a place for him there. So it appears, in context, that Judge Steinkruger ordered Ivie to the Fairbanks Correctional Center until he could be released to the NorthStar Center.

We therefore conclude that Ivie was not in state custody when he was at the NorthStar

---

4. *Id.* at 7, 1996 WL 596920 at *4.

5. 689 P.2d 500 (Alaska App.1984).

6. *Id.* at 503; *Paige,* Memorandum Opinion and Judgment No. 3476 at 7, 1996 WL 596920 at *4.

7. AS 33.30.061(a). *See State v. Combs,* 64 P.3d 135, 136–37 (Alaska App.2003).

8. Emphasis supplied.

Center. He was there under a court order releasing him to that facility. He was therefore not under official detention when he left that facility. Accordingly, he did not commit the crime of escape in the second degree. Ivie's conviction for escape in the second degree is VACATED and the indictment against him for that charge is dismissed.